CARDO DRUG CO., INC., Respondent, *v.* CHATHAM AND PHENIX NATIONAL BANK, Appellant.

First Department, April 4, 1924.

Banks and banking — motion for summary judgment in action by corporate depositor against bank — defense that officer of plaintiff had withdrawn deposit — conflicting affidavits on question of right of defendant to pay officer call for trial — motion denied.

In an action against a bank by a corporate depositor thereof to recover money deposited in which the defendant claims that the money was withdrawn by an officer of the plaintiff to whom the bank was authorized to make payments, a motion for summary judgment will be denied, where the affidavits read on the motion are conflicting on the question of the right of the bank to make payment to such officer and leave no doubt that there are issues which call for a trial.

APPEAL by the defendant, Chatham and Phenix National Bank, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of March, 1923, granting plaintiff's motion for summary judgment, also from an order, dated March 20, 1923, denying the defendant's motion for a reargument of the motion for summary judgment, and also from a judgment in favor of the plaintiff, entered in said clerk's office on the 5th day of March, 1923, pursuant to said first mentioned order.

*Kaye, McDavitt & Scholer* [*Harold L. Fierman* of counsel], for the appellant.

*O'Connor & Donnellan* [*John W. Clancy* of counsel], for the respondent.

MARTIN, J.:

The complaint alleges that on or about April 1, 1922, the plaintiff, having on deposit with the defendant bank the sum of $4,026.48, demanded same from defendant, and that it refused to pay. In addition to the denials, the answer sets forth an affirmative defense to the effect that on or about April 13, 1922, defendant paid plaintiff's check in the sum of $4,000 when presented by plaintiff's treasurer, Charles Field. The check was drawn by plaintiff upon defendant in accordance with the corporate resolutions filed with the bank. The balance of the account, $26.48, the defendant offers to return.

The affidavits in support of the application state that the check No. 6712 was made to the order of bearer, and that a stop-payment had been filed with the bank and acknowledged by it to plaintiff.

In one of the affidavits filed by plaintiff, verified by Charles H. Steinberg, who does not appear to have been an officer of the corporation, reference is made to an alleged conversation between Field, plaintiff's treasurer, who cashed the check, and the assistant manager of the bank. This affidavit is based upon information asserted to have been obtained from defendant's manager, French. But the affiant appears to have had no personal knowledge of the matters referred to, the averments being to the effect that, when the check was presented, payment of it was refused by the teller, apparently upon the stop-payment order, until defendant's assistant manager, Clancy, directed its payment.

Another affidavit filed for plaintiff was verified by Abraham H. Steinberg. A considerable portion of it relates to matters which were manifestly not within his personal knowledge. The averments made by both of these affiants are contradicted by those in affidavits filed on behalf of defendant.

Much was made of the fact that Field had first indorsed the check in the name of the corporation but thereafter secured the money on his personal indorsement, striking out the corporate name on the back of the instrument. On behalf of defendant this is explained by the averment to the effect that the paying teller requested that the check be indorsed by the person receiving the money, the bearer, according to the customary rule.

At Special Term the court was of the opinion that summary judgment should be directed for plaintiff on the ground that facts were not shown to justify payment by the bank after the receipt of a notice to stop payment. Thereafter a notice for reargument was made, the affidavit of Field, defendant's treasurer, then being filed for defendant, it being averred that his affidavit was not procurable for use on the argument of the motion.

The affidavits in opposition to the motion, including those used on the reargument, indicate that the resolutions referred to authorized the bank to pay checks when drawn as this one was, including checks made payable to cash or bearer, or to the individual order of " the officer signing said checks; " that the treasurer, Field, had checks in his possession signed by the president, so that the treasurer might affix his signature and procure such moneys as might be required in the business of the company; that Field was the only officer of the corporation well known to the bank and was known by it to be its treasurer and chief financial officer; that he frequently cashed checks on plaintiff's account; that from the entire situation an inference might reasonably be drawn that Field impliedly withdrew the stop-payment order; that the corporation was indebted to Field; that the proceeds of the checks

may have been applied to its benefit and account, so that there would be no damages, in any event; that while the corporation was ostensibly in the drug business it was actually engaged in the business of purchasing and selling intoxicating liquor; and that this action is a result of internal dissension.

These averments seem to leave no doubt that there are issues which call for a trial. (*Gravenhorst* v. *Zimmerman*, 236 N. Y. 22.) The judgment and order upon which the same was entered should, therefore, be reversed, with costs, and the motion for summary judgment denied, with ten dollars costs. The appeal from the order denying the motion for reargument should be dismissed.

DOWLING, SMITH, MERRELL and FINCH, JJ., concur.

Judgment and order reversed, with costs, and motion for summary judgment denied, with ten dollars costs. Appeal from order denying motion for reargument dismissed.